IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01650-CNS-NRN

RBL FINANCIAL,

    Plaintiff,

v.

SARA TOOLE,
MAIN 434,
IKON FUNDING, and
ANGELIQUE LAYTON,

    Defendants.

## ORDER

Before the Court is Angelique Layton's Response to the Court's Order to Show Cause and Motion for Reconsideration (the "Motion") (ECF No. 21; ECF No. 23). For the following reasons, the Court DENIES Ms. Layton's Motion (ECF No. 23), and AFFIRMS the Court's July 25, 2023, Order remanding this action to state court (ECF No. 19).

### I. SUMMARY FOR PRO SE PLAINTIFF

You removed this state court case to federal court in June 2023. The Court issued an Order to Show Cause for you to explain why the Court had jurisdiction over this case in federal court, and ordered that you respond to its Order to Show Cause by July 20, 2023. Other parties also filed a Motion to Remand the case back to state court.

1

The Court ultimately issued an Order remanding this case back to state court. Since then, your Response to the Court's Order to Show Cause has been docketed. The Court has considered your Response. You have also filed a Motion for Reconsideration of the Court's July 25, 2023, Order remanding this case to state court. After considering your Response and the Motion for Reconsideration, the Court DENIES your Motion for Reconsideration and AFFIRMS its earlier Order remanding this case back to state court.

## II. BACKGROUND

The case's background is set forth in the Court's July 25, 2023, remand order (ECF No. 19). Following the Court's July 25, 2023, remand order, Ms. Layton's Response to the Court's Show Cause Order was docketed.[1] On August 3, 2023, Ms. Layton filed her reconsideration motion (ECF No. 23).

## III. LEGAL STANDARD

In their discretion, courts may consider a party's motion for reconsideration. *See, e.g., Duran v. Crandell*, No. 10-CV-02490-PAB-KMT, 2012 WL 1649160, at *1 (D. Colo. May 10, 2012). To succeed on a motion to reconsider, a party must set forth facts or law of a "strongly convincing nature to induce the court to reverse its prior decision." *Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-0550-WJM-NRN, 2022 WL 1120501, at *1 (D. Colo. Apr. 14, 2022) (quotation omitted). A motion to reconsider should be denied unless it "clearly demonstrates

---

[1] As Ms. Layton notes in her reconsideration motion, she timely filed her Response to the Court's Show Cause Order on July 20, 2023, the deadline for filing her Response (ECF No. 23 at 1; ECF No. 7). Although Ms. Layton met her filing deadline, the Clerk's Office did not docket Ms. Layton's Response on the case's CM/ECF docket until July 31, 2023—eleven days after Ms. Layton submitted her Response, and six days after the Court issued its remand order on July 25, 2023 (ECF No. 23 at 1). According to Ms. Layton, the Clerk's Office conveyed to her that, "somehow [her] response had not been added to the docket" (*id.*). The Court refuses to penalize Ms. Layton for the Clerk's Office's inexplicable filing error. Accordingly, in ruling on Ms. Layton's reconsideration motion, the Court has reviewed Ms. Layton's Response to its Show Cause Order in its entirety.

2

manifest error of law or fact" or presents "newly discovered" evidence. *Id*. (quotation omitted); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." (citation omitted)). Reconsideration motions are inappropriate vehicles to advance new arguments or supporting facts available at the time of the original motion, and a reconsideration motion "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*. (quotations omitted).

### IV. ANALYSIS

Having considered the case file, Ms. Layton's Response and Motion, and relevant legal authority, the Court denies Ms. Layton's Motion and affirms its July 25, 2023, Order remanding this action to state court.

First, regarding Ms. Layton's lengthy Response, Ms. Layton advances numerous arguments regarding the alleged violations of her constitutional rights, and the constitutionality of certain Colorado laws (*see, e.g.,* ECF No. 21 at 1, 12, 21). To the extent that Ms. Layton argues that removal is proper, she essentially contends that the underlying contempt citation "poses an imminent risk" of violating her constitutional rights, and that—absent removal—she lacks a forum to vindicate her constitutional rights (*id.* at 5, 9). She also contends that her "removal request" presents a federal question regarding the constitutionality of C.R.S. § 38–38–104 (*id.* at 10–11).

Considering these arguments and the entirety of her Response, Ms. Layton has failed to meet her burden of showing that removal is proper. *See Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) ("The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." (citation omitted)); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th

3

Cir. 1995) (noting that there is a "presumption against removal jurisdiction" (citation omitted)). As explained in her Notice of Removal, the underlying state court proceedings involve a foreclosure action, a partition action, Ms. Layton's failed attempts to intervene, and a contempt proceeding (ECF No. 1 at 2-3). As the Court explained in its July 25, 2023, Order, Ms. Layton fails to demonstrate in her Notice of Removal that the Court has subject matter jurisdiction over the state court proceedings, and nothing in her Response to the Court's Show Cause Order disturbs the Court's conclusion (ECF No. 19 at 2).

Second, in her reconsideration motion, Ms. Layton states that she is "challenging the constitutionality of the current statutory framework under which Colorado conducts foreclosures" (ECF No. 23 at 2). She reiterates that the underlying state court contempt citation and proceedings warrant removal (*id.* at 2-3). The Court disagrees. As explained in its prior Order, and by RBL Financial LLC and Main 434 LLC in their remand motion, nothing in the case file demonstrates that the Court has jurisdiction over this case. The nature of the underlying state court proceedings do not provide a basis for the Court to exercise diversity or federal question jurisdiction, and therefore it lacks subject matter jurisdiction over this case (ECF No. 19 at 2). *See, e.g., Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) ("When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court."). Accordingly—even liberally construing the arguments in her Response, Motion, and other filings—she has failed to satisfy any requirement showing that reconsideration of the Court's remand order is warranted. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Brayman*, 2022 WL 1120501, at *1.

Finally, Ms. Layton urges reconsideration of the Court's award of attorney's fees in its remand order (ECF No. 23 at 3). Reconsideration is appropriate, Ms. Layton argues, because RBL Financial is no longer a party to the lower court case (*id.*). Even assuming the truth of this representation, the Court's attorney's fee inquiry is guided by what fees RBL Financial incurred because of Ms. Layton's removal of this action to federal court (ECF No. 19 at 2). *See also* 28 U.S.C. § 1447(c). RBL Financial filed the remand motion with Main 434 and remains a party in this federal court action (*see generally* ECF No. 9). Moreover, Ms. Layton does not advance any arguments demonstrating that her removal was non-frivolous (*cf.* ECF No. 23 at 3). Nonetheless, even considering the remaining arguments in Ms. Layton's Motion and liberally construing them, *see Trackwell*, 472 F.3d at 1243, Ms. Layton has failed to show that reconsideration of the Court's attorney's fee award is proper, given that there was no objectively reasonable basis for removal. *Brayman*, 2022 WL 1120501, at *1; *see also Topeka Housing Authority*, 404 F.3d at 1248.

## V. CONCLUSION

Consistent with the above analysis, the Court has considered Ms. Layton's Response (ECF Nos. 21 and 22), DENIES Ms. Layton's Motion for Reconsideration (ECF No. 23), and AFFIRMS its July 25, 2023, Order (ECF No. 19) remanding this action to state court.

DATED this 7th day of August 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

5